*Friday, April 2, 1999*

## DISCIPLINARY DOCKET

**97–2182. Disciplinary Counsel v. Kurtz.**

On May 20, 1998, this court suspended respondent, Phillip Kurtz, Attorney Registration No. 0030018, last known address in Euclid, Ohio, from the practice of law for an indefinite period pursuant to Gov.Bar R. V(6)(B)(2).

On September 30, 1998, relator, Disciplinary Counsel, filed with this court a motion for an order to appear and show cause why respondent, Phillip Kurtz, should not be held in contempt for failing to obey this court's May 20, 1998 order of indefinite suspension.

On November 24, 1998, this court granted the motion and ordered respondent to appear in person before this court on Tuesday, December 15, 1998. Respondent appeared in person before the court on the scheduled date.

On March 10, 1999, this court granted relator's motion for contempt and found Phillip Kurtz in contempt. The court further ordered that respondent return all files to all clients, forthwith conform with the May 20, 1998 order of suspension, and pay all costs of this proceeding. The court further ordered that respondent be sentenced to thirty days in jail with all but three of those days suspended, provided that respondent no longer practice law in Ohio during his indefinite suspension. Upon consideration thereof,

IT IS ORDERED by this court that a warrant be issued for the arrest of respondent, Phillip Kurtz, to the Sheriff of Cuyahoga County.

IT IS FURTHER ORDERED by the court, *sua sponte*, that the Clerk of the Supreme Court of Ohio be, and hereby is, authorized to release to the appropriate law enforcement officials any information concerning respondent that is otherwise confidential, including respondent's Social Security number, for the purpose of facilitating execution of the warrant issued for the arrest of respondent.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

RESNICK and PFEIFER, JJ., would jail respondent for six months with all but ten days suspended.

**98–1055. In re Hartsel.**

On June 18, 1998, this court suspended respondent, Norman Clyde Hartsel, for an interim period upon conviction of a felony. On November 9, 1998, movant, Disciplinary Counsel, filed a motion for an order to show cause, requesting the court to issue an order requiring respondent to appear and show cause why he should not be held in contempt for failing to obey this court's order of June 18, 1998. On January 5, 1999, the court granted the motion to the extent that respondent was ordered to show cause by filing a written response why he should not be found in contempt. On January 25, 1999, respondent filed a response to the order. Upon consideration thereof,

IT IS ORDERED by the court that respondent be and hereby is found in contempt.

PFEIFER and LUNDBERG STRATTON, JJ., would dismiss.